# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

POLITICAL PRISONER NO. DL-4686  :
also known as ALTON D. BROWN,    :
                                 :
    Plaintiff,              :   Civil Action No. 16-1680
                                 :
   v.                          :   Magistrate Judge Cynthia Reed Eddy
                                 :
WEXFORD HEALTH SOURCES, INC.,:
et al.,                          :
                                 :
    Defendants.             :

## DOC DEFENDANTS' BRIEF IN
## SUPPORT OF MOTION TO DISMISS

### Background

Plaintiff, Alton Brown, is an inmate currently incarcerated at the State Correctional Institution (SCI) at Fayette. On August 18, 2016, Brown initiated a civil rights action pursuant to 42 U.S.C. §1983, alleging First, Eighth and Fourteenth Amendment violations. The action was originally filed in the Allegheny Court of Common Pleas; Correct Care Solutions Defendants filed notice of removal of this matter on November 4, 2016. *See* Document No. 1.

Subsequently, on April 26, 2017 Brown filed an amended complaint. *See* Document No. 42. The named defendants include Governor Wolf and a number of employees of the Department of Corrections (DOC), Wexford Health Sources, Inc.

(Wexford), Corizon Health, Inc. (Corizon), and Correct Care Solutions, LLC (CCS).

Undersigned counsel entered her appearance for Governor Tom Wolf, DOC Secretary John Wetzel, former DOC Secretary Jeffrey Beard, Chief of Clinical Services Paul Noel, Deputy Secretary Christopher Oppman, Dietary Management Services Specialist Margaret Gordon, Director of Health Care Services Joseph Silva, SCI-Greene Food Services Manager Todd Funk, former Corrections Health Care Administrator (CHCA) Irma Vihlidal, former CHCA Julie Knauer, former CHCA Myron Stanishefski, SCI-Greene Medical Records Supervisor Kyle Guth, SCI-Greene CHCA William Nicholson, SCI-Smithfield CHCA William Dreibelbis, and SCI-Graterford CHCA Joseph Korszniak. *See* Document Nos. 56, 60, 80.

In the complaint, Brown alleges, *inter alia*, that Defendants have denied his requests for medical treatment for Hepatitis C. Concerning his Eighth Amendment claims related to his medical care, Brown avers that over the past 5-6 years while incarcerated at various institutions including SCI-Graterford, SCI-Smithfield and SCI-Greene, his requests for treatment were ignored by Defendants Wolf, Wetzel, Beard, Noel, Oppman, Silva, Vihlidal, Knauer, Stanishefski and Guth. *See* Document No. 42, p. 17-19. Generalized claims are also made that Wolf, Wetzel,

Silva, Vihlidal, Guth, and Nicholson refused to provide an "adequate diagnosis and treatment." *See* Document No. 42, p. 21.

Along these lines, Brown alleges that DOC Defendants Noel, Oppman, Gordon, Silva, Vihlidal, Guth, Knauer, Stanishefski and Nicholson committed numerous infractions against him and other inmates with regard to their medical care. These allegations include claims that these Defendants make partial diagnoses, do not follow physicians' orders, and deviate from standard treatment procedures. *See* Document No. 42, p. 28.

In reference to the medical contractor defendants, Wexford, Corizon and CCS, Brown contends that Defendants Wolf, Wetzel, Beard, Noel, Gordon, Oppman, Silva, Vihlidal, Guth, Nicholson, Dreibelbis and Korszniak have "developed a policy/practice of ignoring and protecting their misconduct." *See* Document No. 42, p. 29. Additionally, Brown claims that Wolf, Wetzel, Beard, Silva, Noel, and Oppman were "aware of the unreasonable risk that the Health Care Contractors' declining performance would result in failure to treat or mistreatment of an inmate." He further alleges that these Defendants failed to enforce policy and "train and/or supervise their employees on the institutional level in ensuring compliance with DOC policy, constituting deliberate indifference to Plaintiff's serious health needs." *See* Document No. 42, p, 32.

3

Regarding his claims for medical malpractice, Brown alleges that Wolf, Wetzel, Beard, Noel, Oppman, Gordon, Silva, Funk, Vihlidal, Guth, Nicholson, Dreibelbis, Knauer, Stanishefski and Korszniak are liable because they have "a duty to act in accordance with the standard of care required of medical care professionals" and that "Plaintiff's injuries were the direct legal and proximate result of Defendants negligence." See Document No. 42, p. 39.

With respect to his retaliation claims, Brown makes a number of generalized statements indicating that inmates are denied medical care in retaliation for filing civil suits against the DOC. Although he claims there are "many well-documented instances of retaliation against prisoners who dare sue their keepers and the possibility of reprisals is ever present," no specific instances of retaliation are alleged. See Document No. 42, p. 14-17.

Along these lines, Brown claims DOC staff members have refused to provide him with meals catered to his special dietary needs. Particularly, he claims that Central Office Dietary Management Services Specialist Gordon and SCI-Greene Food Service Manager Funk, have refused to provide him with the "adequate and sanitary diet" he requires as a result of his Hepatitis C diagnosis. See Document No. 42, p. 18-19.

4

Brown also avers that the DOC has a policy of utilizing food to punish inmates in the Restricted Housing Unit (RHU) and that Funk has refused to carry out his duties with respect to inmates housed in the RHU at SCI-Greene. Specifically, Brown alleges that Funk allows security staff to deny inmates food as a form of punishment and to provide food in an unsanitary manner. He claims that Funk's actions are supported by Defendants Wolf, Wetzel, Nicholson, Vihlidal, Guth, Silva, Oppman and Gordon. *See* Document No. 42, p. 22.

As relief, Brown seeks a declaratory judgment that the DOC's policy regarding Hepatitis C violates the Eighth Amendment of the Constitution and Article 1, § 13 of the Pennsylvania Constitution. He requests injunctive relief in the form of court orders for immediate treatment for Hepatitis C, as well as for his skin and blood infections, and to prevent further retaliation by Defendants or their agents. Finally, he seeks compensatory damages in the amount of $20,000,000 and punitive damages in the amount of $20,000.000. *See* Document No. 42, p. 40.

Defendants are filing a simultaneous motion to dismiss. This brief is filed in support of the motion.

## Statement of the Questions Presented

A. Should Defendants Wolf, Wetzel, and Beard be dismissed for lack of personal involvement?

    (Suggested answer: Yes)

B. Should the Bureau of Health Care Services Assistant Medical Director and Bureau of Health Care Services Infection Control Coordinator be dismissed?

    (Suggested answer: Yes)

C. Should Defendant "PA DOC Hepatitis C Treatment Committee" be dismissed from the case because it is an entity and not a "person" under Section 1983?

    (Suggested answer: Yes)

D. Should the Eighth Amendment deliberate indifference claims at Counts 1, 3, 4 and 5 against Defendants Wolf, Wetzel, Beard, Gordon, Guth, Vihlidal, Knauer, Stanishefski and Nicholson, be dismissed?

    (Suggested answer: Yes)

E. Should the Eighth Amendment claims in Count 2 against Defendants Gordon and Funk be dismissed?

    (Suggested answer: Yes)

F. Are the intentional tort and medical malpractice claims in Counts 11, 13, 14, 17 and 18, barred by sovereign immunity?

    (Suggested answer: Yes)

G. Should the retaliation claim in Count 6 against Wolf and the DOC Defendants be dismissed for failure to state a claim upon which relief may be granted?

    (Suggested answer: Yes)

H. Should the access to courts claims in Counts 8 and 9 be dismissed for failure to state a claim upon which relief may be granted?

    (Suggested answer: Yes)

## Argument

Rule 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Although a complaint attacked by a motion to dismiss does not require detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not suffice. *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007). A civil rights complaint is adequate where it states the conduct, time, place, and persons responsible. *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005); *citing, Boykins v. Ambridge Area Sch. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980).

When considering a motion to dismiss under rule 12(b)(6), the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff. The motion should be granted if it appears to a certainty that no relief could be granted under any set of facts which could be proved. However, the court need not credit either bald assertions or legal conclusions in a complaint when deciding a motion to dismiss. *Evancho*, 423 F.3d at 353.

### A. Defendants Wolf, Wetzel, and Beard should be dismissed for lack of personal involvement.

Individual government defendants in a civil rights action must have personal involvement in the alleged wrongdoing. Personal involvement may be shown through allegations of personal direction or of actual knowledge and acquiescence. Liability cannot be predicated solely on the operation of respondeat superior. *Evancho*, 423 F.3d at 353; *citing*, *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). Moreover, Plaintiff must plead each named Defendant through his own actions violated the Constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Brickell v. Clinton County Prison Bd.*, 658 F. Supp. 2d 621, 625 (M.D. Pa. 2009).

Brown's vague, unsupported claims that Defendants Governor Wolf, Secretary Wetzel, and former Secretary Beard ignored his requests for treatment, fail establish their personal involvement in any of the alleged unconstitutional conduct. Moreover, Brown did not allege any facts concerning whether he actually contacted or spoke to any of these individuals, when these alleged communications took place, or anything else to indicate that these defendants were aware of any issue regarding his specific medical care.

Additionally, Brown claims that Defendants Wolf, Wetzel and Beard are liable for their failure to "supervise their employees on the institutional level in ensuring compliance with DOC policy…" *See* Document No. 42, p. 32. However, because

8

liability cannot be established solely on the theory of respondeat superior, which is precisely what Brown is attempting to do, he has failed to state a claim against them. Thus, since these defendants were not alleged to have been personally involved in any constitutional violations, they must be dismissed.

### B. The Bureau of Health Care Services Assistant Medical Director and Bureau of Health Care Services Infection Control Coordinator should be dismissed.

"The omission of a defendant's name from the material allegations of a complaint justifies dismissal of the Complaint against that defendant." Further, "where there is no indication in the pleadings that a defendant played any role in the challenged conduct, the claims against that defendant are subject to dismissal." *Whittington v. Vaughn*, 289 F. Supp. 2d 621, 628 (E.D. Pa. 2003).

The only mention of these unnamed defendants in the complaint is to state that they are members of the Hepatitis C Treatment Committee. *See* Document No. 42, p. 11. However, nothing further was presented to indicate they were involved in any alleged unconstitutional conduct. Therefore, these unnamed defendants should be dismissed from this action due to lack of personal involvement in any of the alleged unconstitutional conduct.

### C. Defendant "PA DOC Hepatitis C Treatment Committee" should be dismissed from the case because it is an entity and not a "person" under Section 1983.

To state a *prima facie* claim under the Civil Rights Statute, 42 U.S.C. § 1983, a plaintiff must allege a violation of rights secured by the United States Constitution and the laws of the United States, and he must show that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48-57 (1988). Neither a state nor its agencies are considered a "person" as that term is defined under 42 U.S.C. § 1983, and therefore, are not subject to a Section 1983 suit. *Hafer v. Melo,* 502 U.S. 21, 25-27 (1991); *see also, Slagle v. County of Clarion,* 435 F.3d 262 (3d Cir. 2006) (it is well established in the Third Circuit that a prison is not a person subject to suit under federal civil rights laws).

Therefore, since the "PA DOC Hepatitis C Treatment Committee" is an entity and not a "person," for purposes of a § 1983 claim, it must be dismissed.

**D. The Eighth Amendment deliberate indifference claims at Counts 1, 3, 4 and 5 against Defendants Wolf, Wetzel, Beard, Gordon, Guth, Vihlidal, Knauer, Stanishefski and Nicholson, should be dismissed.**

As a preliminary matter, unless consented to by the state,[1] the Eleventh Amendment prevents suits from being brought in federal court against a state or

---

[1] The Commonwealth of Pennsylvania expressly withheld consent to suit in federal court when it enacted its exceptions to sovereign immunity. *See* 42 Pa. C.S. § 8521(b). *See also* Pa. Const. art. 1, § 11; 1 Pa. C.S. § 2310.

one of its agencies or departments. *Pennhurst v. Halderman,* 465 U.S. 89, 99-100 (1984). A suit brought against an individual acting in his or her official capacity is similarly deemed to be a suit against the state and, therefore, is also barred by the Eleventh Amendment. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). Thus, all claims against Defendants in their official capacities for money damages must be dismissed, as such claims are barred by the Eleventh Amendment.

A prison official's deliberate indifference to an inmate's serious medical needs constitutes a violation of the Eighth Amendment and states a cause of action under § 1983. *Estelle v. Gamble,* 429 U.S. 97 (1976). An Eighth Amendment claim has both objective and subjective components. First, Plaintiff must show that his medical need is, objectively "sufficiently serious." Second, he must establish that Defendant acted with subjective deliberate indifference, meaning he was aware of a substantial risk of serious harm to Plaintiff but disregarded that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan* 511 U.S. 825 (1994).

Deliberate indifference is more than inadvertence or a good-faith error; it is characterized by obduracy and wantonness. *Little v. Lycoming County,* 912 F.Supp. 809 (M.D. Pa. 1996). It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute deliberate

11

indifference. *Id.*; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999); *Estelle v. Gamble*, 429 U.S. 97 (1976).

Courts disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990). Where a prisoner has received some medical attention and the claim is over the adequacy of such treatment, courts are reluctant to question the medical judgment and constitutionalize a claim sounding in state tort law. *James v. Pa. DOC*, 230 Fed. Appx. 195 (3d Cir. 2007); *United States ex. rel. Walker v. Fayette County, Pennsylvania*, 599 F.2d 573 (3d Cir. 1979).

Furthermore, a non-medical prison official may not be charged with deliberate indifference for withholding adequate medical care from a prisoner that is being treated by medical personnel, absent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner. *Spruill v. Gillis*, 372 F.3d 218 (3d Cir. 2004).

Non-medical defendants Wolf, Wetzel, Beard and Gordon are not directly responsible for, nor are they apprised of, Brown's daily medical needs. Therefore, Brown cannot show that these non-medical Defendants disregarded a known risk

or acted unreasonably when deferring to the medical staff regarding his care at the institution.

Likewise, the Corrections Health Care Administrator Defendants, Vihladil, Knauer, Stanishefski and Nicholson, as well as Medical Records Supervisor Guth, are not directly responsible for Brown's day to day medical care. Allegations that supervisory officials, who do not participate in individual medical care decisions, may have been notified of concerns at unspecified times and failed to intervene regarding medical care, do not state a viable claim under the Eighth Amendment. *Stewart v. Pennsylvania Dept. of Corrections*, 677 Fed.Appx. 816 (3d Cir. January 31, 2017) (affirming that the District Court properly dismissed the Corrections Health Care Administrator and Superintendent as defendants because they lacked personal involvement in inmate's medical care); *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

Therefore, the claims against these Defendants should be dismissed for failure to state a claim for deliberate indifference with respect to Brown's medical care.

### E. The Eighth Amendment claims in Count 2 against Defendants Funk and Gordon should be dismissed.

In order to establish an Eighth Amendment violation, the plaintiff must

satisfy both an objective element of a serious deprivation of human needs and a subjective element of deliberate indifference by a prison official. *Wilson v. Seiter*, 501 U.S. 294 (1990). A prison official is only liable "if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.

Prison officials must ensure that inmates receive life's necessities, including adequate food. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Tillery v. Owens*, 907 F.2d 418, 426 (3d Cir. 1990), *citing Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) ("[d]eficiencies and inadequacies in prison conditions do not necessarily violate the Eighth Amendment. The amendment is violated only where an inmate is deprived of 'the minimal civilized measure of life's necessities.'"). Although inmates have a right to a nutritionally adequate diet, they have no constitutional right to be served a particular type of meal. *Woods v. Thieret*, 903 F.2d 1080, 1082 (7th Cir.1990); *Burgin v. Nix*, 899 F.2d 733, 734–35 (8th Cir.1990). Additionally, providing an inmate with food loaf as a punitive measure is not a violation of the Eighth Amendment. *Brown v. Sobina*, 2009 WL 5173717 (W.D. Pa. December 29, 2009).

Therefore, Brown's allegations regarding his requests for a special diet and the DOC's use of unappetizing food as a form of punishment in the RHU, both fail

to state a claim for an Eighth Amendment violation.

## F. The intentional tort and medical malpractice claims in Counts 11, 13, 14, 17 and 18, are barred by sovereign immunity.

Under certain circumstances, this Court may exercise pendent jurisdiction over state-based claims. *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966). However, because no federal common law exists on any state-based tort claims, this Court is required to apply state law (Pennsylvania) when confronted with "pendent" state-based claims. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938).

Generally, unless specifically waived, a Commonwealth party acting within the scope of his duties cannot be held liable in a civil action. 1 Pa.C.S. § 2310.[2] The specific waiver of sovereign immunity is expressly limited to nine instances provided for in the judicial code. 42 Pa.C.S. § 8521; 42 Pa.C.S. § 8522.[3] State law claims for monetary damages based on intentional tort claims and civil rights actions, are not within the narrow exceptions set forth in 42 Pa.C.S. § 8522(b). *Faust v. Com.*, 592 A.2d 835, 839 (Pa. Cmwlth. 1991), *petition for allowance of appeal denied*, 607 A.2d 257 (Pa. 1992). *See also, La Frankie v. Miklich*, 618 A.2d

---

[2] Commonwealth Party is defined as "A Commonwealth agency and any employee thereof..." 42 Pa.C.S. § 8501.

[3] 1) vehicle liability; (2) medical-professional liability; (3) care, custody or control of personal property; (4) Commonwealth real estate, highways, sidewalks; (5) potholes and other dangerous conditions; (6) care, custody or control of animals; (7) liquor store sales; (8) National Guard activities; (9) toxoids and vaccines. 42 Pa.C.S. § 8522(b).

15

1145, 1149 (Pa. Cmwlth. 1992) (an employee of a Commonwealth agency acting within the scope of his duties is protected by sovereign immunity from the imposition of liability for intentional tort claims).

Sovereign immunity is only waived "for damages arising out of a negligent act where the damages would be recoverable under the common law or a statute creating a cause of action if the injury were caused by a person not protected by sovereign immunity." 42 Pa.C.S. § 8522(a). Accordingly, sovereign immunity bars the intentional tort claims against Governor Wolf and the other DOC Defendants, and these claims must be dismissed.

Likewise, the medical malpractice claims asserted against non-medical defendants Wolf, Wetzel, Beard, Gordon, and Funk are barred as well. In order to establish the exception for professional negligence, Defendant must be a healthcare provider. *McCool v. Dept. of Corrections*, 984 A.2d 565, 570 (Pa.Cmwlth. 2009). 42 Pa.C.S. § 8522(b). Since these defendants are not licensed healthcare providers, they are entitled to sovereign immunity.

### G. The retaliation claim in Count 6 against Wolf and DOC Defendants should be dismissed for failure to state a claim upon which relief may be granted.

When alleging a claim for retaliation, the plaintiff must plead sufficient facts that raise a right to relief above the level of speculation. *Twombly*, 550 U.S. at 563

n. 8. Thus, merely alleging the ultimate fact of retaliation and conclusory allegations of retaliatory motive unsupported by material facts, will not be sufficient to state a claim under § 1983. *Iqbal*, 556 U.S. at 662; *see also*, *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

In order to prevail on a First Amendment retaliation claim, the plaintiff must establish the following three things: (1) the conduct in which he was engaged was constitutionally protected; (2) he suffered adverse action at the hands of prison officials; and (3) his constitutionally protected conduct was a substantial or motivating factor in the decision to take adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001). If the plaintiff proves these elements, then the burden shifts to the defendant to prove by a preponderance of the evidence that he "would have made the same decision absent the protected conduct for reasons reasonably related to penological interest." *Carter v. McGrady*, 292 F.3d 152, 158 (3d Cir. 2002).

Brown's unsubstantiated, conclusory statements that he was denied treatment in retaliation for filing complaints against the Defendants, fail to state a claim. The complaint is devoid of any facts to indicate in which specific protected conduct he was engaged, what adverse action was taken, and by which specific defendants. He has not alleged any facts to support his vague allegations that decisions regarding

17

his medical care were in any way linked to his litigious efforts; thus, he has failed to establish a causal connection and this claim must be dismissed.

## H. The access to courts claims in Counts 8 and 9 should be dismissed for failure to state a claim upon which relief may be granted.

With respect to any access to courts claim, the fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. *Bounds v. Smith*, 430 U.S. 817 (1977). However, an inmate cannot establish a constitutional violation simply by highlighting some deficiency in a prison law library or assistance program; he must also show how that deficiency "hindered his efforts to pursue a legal claim." *Lewis v. Casey*, 518 U.S. 343 (1996). Specifically, the plaintiff must prove actual injury in his access to courts claim. *Id.* An actual injury is shown only where a non-frivolous, arguable claim is lost. *Christopher v. Harbury*, 536 U.S. 403 (2002).

Brown has not alleged any facts to show actual injury or that he lost an arguable claim as a result of any actions by the Defendants. In his complaint, Brown makes vague allegations that he was denied information he required to determine whether he was being subjected to "substandard medical care" and that such information was concealed for the purpose of "frustrating his right to obtain

18

redress through the courts." *See* Document No. 42, p. 36. However, his argument is undercut by the fact that he filed the present civil action with respect to the very issues which he claims he lacked necessary information concerning. He did not plead any facts to indicate what actions were taken by any specific defendants that in any way impacted his ability to present his claims in court. Therefore, the claims at these counts should be dismissed.

## Conclusion

**WHEREFORE**, Defendants respectfully request that the Motion be granted and the above-indicated Defendants and claims be dismissed with prejudice.

Respectfully submitted,

Office of General Counsel

By: /s/ Kelly J. Hoke
Kelly J. Hoke
Assistant Counsel
Attorney I.D. No. 202917
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
(717) 728-7749
Email: kelhoke@pa.gov

Dated: October 6, 2017

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| POLITICAL PRISONER NO. DL-4686<br>also known as ALTON D. BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>WEXFORD HEALTH SOURCES, INC.,<br>et al.,<br><br>    Defendants. | Civil Action No. 16-1680<br><br>Magistrate Judge Cynthia Reed Eddy |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing *DOC Defendants' Brief in Support of Motion to Dismiss* has been filed electronically and is available for viewing and downloading from the ECF system by Meghan K. Adkins, Kathryn M. Kenyon, and Samuel H. Foreman, counsel for the Defendants, and therefore satisfies the service requirements under *Fed.R.Civ.P. 5(b)(2)(E); L.Cv.R. 5.6*. I further certify that I am this day depositing in the U.S. mail a true and correct copy of this motion on the person(s) and in the manner indicated below:

Service by first-class mail
Addressed as follows:
Alton D. Brown, DL4686
SCI-Fayette
P.O. Box 9999
50 Overlook Drive
LaBelle, PA 15450-1050

/s/Shelly R. Holley
Shelly R. Holley
Legal Assistant
Pennsylvania Department of Corrections
Office of Chief Counsel
1920 Technology Parkway
Mechanicsburg, PA 17050
(717) 728-7763

Dated: October 6, 2017