# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Civil No. 16-cv-1680 ) |
| WEXFORD HEALTH SOURCES, *et al.*, | ) ) |
| Defendants. | ) |

## OPINION and ORDER

This case was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule of Civil Procedure 72. In addition to his Amended Complaint, Plaintiff Alton D. Brown filed three pleadings, construed by the Magistrate Judge as requesting a temporary restraining order and preliminary injunction, and therefore treated as a Motion for a Temporary Restraining Order and A Preliminary Injunction. ECF Nos. 88, 89, and 90. After an evidentiary hearing on the motion, the Magistrate judge issued a Report and Recommendation, filed September 17, 2018, recommending that the motion be denied. ECF No. 192. Service of the Report and Recommendation was made on all parties. The parties were informed that in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, that Plaintiff had until October 4, 2018 to file any objections.

Plaintiff sought several extensions of time to file his objections, all of which were granted. Plaintiff timely filed his "Objections to Magistrate Judge's 9/17/18 Report and Recommendation," on January 2, 2019. ECF No. 206. For the reasons that follow, after *de novo* review, the Court finds that Plaintiff's objections do not undermine the recommendation of the

1

magistrate judge. The motion for injunctive relief will be denied and the report and recommendation will be adopted as the opinion of the court, as supplemented herein.

## Background

The case was commenced in this Court on November 4, 2016, when Defendants, Correct Care Solutions LLC and Wexford Health Sources, Inc., removed the case from the Court of Common Pleas of Allegheny County, Pennsylvania. ECF No. 1. The case was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B), and Local Rule of Civil Procedure 72.

Plaintiff's operative pleading is the Amended Complaint which was filed on April 26, 2017. ECF No. 42. As a result of the ruling on Defendants' motions to dismiss (ECF No. 171), the remaining claims in the case pertain solely to Brown's allegations that he received deficient medical care while he was incarcerated at SCI-Greene. The remaining defendants in the case are thirteen employees of the Department of Corrections, including staff members at SCI-Greene and DOC employees employed at the DOC Central Office in Mechanicsburg, PA; Wexford Health Sources, Inc.; Correct Care Solutions, LLC.; and approximately twenty-eight contract prison medical staff. The two corporate entities and the contract medical staff defendants are collectively referred to as the "Medical Defendants."

On August 9, 2017, Plaintiff was transferred to SCI-Fayette. Two months later, Plaintiff filed a motion[1] seeking injunctive relief claiming that the Medical Defendants, the DOC Defendants, and staff members at SCI-Fayette, who are not named in the Amended Complaint,

---

[1] Plaintiff never actually filed a "motion" seeking injunctive relief. Rather, Plaintiff filed a Declaration, an Order to Show Cause, and a Memorandum of Law. (ECF Nos. 88, 89, and 90).

are denying him medical treatment for his Hepatitis C and other health issues, including malnutrition and bacterial infections. ECF No. 88. In November of 2017, Defendants filed their briefs in opposition to the motion (ECF Nos. 109 and 116), and after multiple requests for an extension of time to reply, on February 8, 2018, Plaintiff filed his Reply (ECF No. 154). On September 11, 2018, the magistrate judge held an evidentiary hearing on the matter. Tr. Sept. 11, 2018 (ECF No. 198). On September 17, 2018, the magistrate judge issued a report recommending that the Plaintiff's request for injunctive relief be denied. ECF No. 192. Plaintiff was served with the report and recommendation at his listed address and advised that his written objections were due by October 4, 2018. After being granted three extensions of time in which to file objections (ECF Nos. 200, 204, and 207), Plaintiff filed the instant objections on January 2, 2019. ECF No. 206.

## Standard of Review

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989); Fed.R.Civ.P. 72(b)(3). In doing so, the district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3).

## Discussion

Plaintiff presents three principal objections, which will be discussed seriatim. In reviewing these objections, the Court is mindful of the limitations on the power of the courts to enter injunctions in a correctional context. Specifically, the Prison Litigation Reform Act, 18

U.S.C. § 3626(a)(2), limits the authority of courts to enjoin the exercise of discretion by prison officials, and provides in relevant part as follows:

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. . . .

18 U.S.C. § 3626(a)(2).

Plaintiff's first objection is that the magistrate judge erred in limiting the "claims and evidence to the situations that took place at SCI-Greene during May 2015 and August 2017." Obj. at ¶ 3.[2] Plaintiff argues that his amended complaint involves the "policies, practices, and procedures" of Defendants who have "statewide control" over Plaintiff and over employees / agents at various DOC institutions and "he still will be subjected to the same treatment by the Central Office and their agents and employees as has been demonstrated during his travels through SCI-Graterford, SCI-Smithfield, SCI-Greene, and now SCI-Fayette." Obj. at ¶ 3(i). At the time of the events giving rise to this action, Plaintiff was incarcerated at SCI-Greene. On August 22, 2017, the Court received and filed a notice from Plaintiff that he had been transferred to SCI-Fayette. (ECF No. 57). With respect to the various individual SCI-Greene defendants, Plaintiff's claims for injunctive relief are clearly moot.

---

[2] Plaintiff filed both his original complaint and amended complaint while he was incarcerated at SCI-Greene, therefore the allegations of the amended complaint pertain solely to Plaintiff's allegations that he received deficient medical care while incarcerated at SCI-Greene. At the time Plaintiff filed his motion for injunctive relief, he was housed at SCI-Fayette, where he continues to be housed. The request for injunctive relief is a continuum of Plaintiff's allegations that he is being denied appropriate medical treatment.

4

Although the amended complaint is generally focused on the local implementation at SCI-Greene of the Central Staff's "policies, practices, and procedures," the crux of Plaintiff's amended complaint is that Defendants have refused to provide him medical treatment and have "done so for cost saving and retaliatory reasons." Am. Compl. ¶ 2. The Central Staff policy pronouncements that were followed at SCI-Greene are the same Central Staff policy pronouncements that are being following at SCI-Fayette. Plaintiff's medical records while at SCI-Greene and SCI-Fayette were introduced at the hearing and considered by the magistrate judge. *See* ECF No. 116-1 (432 pages of medical records from the time period 2015 through 2017). As discussed below, there was no evidence adduced at the hearing which demonstrated that Plaintiff has suffered a harm which requires preliminary injunctive relief. The Court finds Plaintiff's objection to be unavailing.

Plaintiff's next objection is that the magistrate judge erred in denying injunctive relief on Plaintiff's conditions of confinement claims. The magistrate judge was correct in finding that to the extent that Plaintiff is seeking preliminary injunctive relief against officials or employees employed at SCI-Greene for claims not related to his claims regarding denial of medical care, his transfer to SCI-Fayette rendered that portion of his request moot. Further, the magistrate judge was correct in finding that in order for Plaintiff to be granted injunctive relief on claims not asserted in his amended complaint, he must establish a relationship between the claims in the motion and the conduct asserted in the amended complaint. Plaintiff was unable to show such a relationship.[3] Therefore, the Court finds Plaintiff's second objection to be without merit.

---

[3] In his motion, Plaintiff alleges that SCI-Fayette staff members serve him his meals in unsanitary conditions, that the diet labels are dirty, that his requests for food to be served in Styrofoam containers has been denied, and that he is denied daily showers with mild soap, and

Plaintiff's third and final objection is that the magistrate judge erred in recommending that injunctive relief be denied on Plaintiff's claims of deliberate indifference to his medical needs.[4] Again, the crux of Plaintiff's argument was that he is being denied medical care for non-medical reasons, such as cost-saving measures, and in retaliation for filing suits and grievances against the DOC. It is apparent from the testimony and medical records adduced at the evidentiary hearing that Plaintiff is receiving medical care, is routinely seen by medical staff, and is being provided an adequate diet. Importantly, through the testimony of Michael Herbik, M.D., the Medical Director at SCI-Fayette, and the evidentiary medical records, the medical providers have not been able to determine if Plaintiff has chronic Hepatitis C because he refused to have the necessary blood draw. The Court agrees with the recommendation that Plaintiff has not suffered a harm which requires preliminary injunctive relief. Accordingly, the recommendation to deny Plaintiff's request for injunctive relief pertaining to his claims of denial of medical treatment is sound and Plaintiff's objection will be denied.

## Conclusion

For the reasons stated above, and after *de novo* review of the pleadings and documents in this case, including Plaintiff's motion, the briefs in opposition, and the transcript of the evidentiary hearing, together with the report and recommendation, and the objections thereto, the Court finds that Plaintiff's objections do not undermine the recommendation of the Magistrate

---

clean clothes and sheets on a daily basis.

[4] Plaintiff also generally objects that the magistrate judge reviewed separately his claims alleging malnutrition and bacteria infections. According to Plaintiff, these are complications that are a direct result of his Hepatitis C.

Judge. Therefore, Plaintiff's request for injunctive relief is **DENIED** and the report and recommendation is adopted as the Opinion of the Court, as supplemented.

This matter will proceed based upon the claims which have survived Defendants' motion to dismiss. *See* Memorandum Opinion and Order filed June 28, 2018. (ECF No. 171). This matter is referred back to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

Dated: March 11, 2019

Marilyn J. Horan
United States District Court Judge

cc: ALTON D. BROWN
DL-4686
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-1050
(via U.S. First Class Mail)

All Counsel of Record
(via ECF electronic notification)