IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ALTON D. BROWN,                         )
                                        )
                 Plaintiff,             )
                                        )
       vs.                              )          Civil No. 16-cv-1680
                                        )
WEXFORD HEALTH SOURCES, *et al.*,       )
                                        )
                 Defendants.            )

## OPINION and ORDER

This case was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule of Civil Procedure 72.  On November 13, 2020, the Magistrate Judge issued a Report and Recommendation, recommending granting in part and denying in part the motions to dismiss and/or for summary judgment filed by Defendants Arthur M. Santos, M.D. and Robert Valley, M.D.  ECF No. 279.  The parties were informed that in accordance with 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule of Court 72.D.2, that objections to the Report and Recommendation were due by November 27, 2020 for the electronically registered Defendants, and by November 30, 2020 for the non-electronically registered party Plaintiff.  After obtaining an extension of time to file, Mr. Brown's "Objections to Magistrate Judge's Report and Recommendation," were filed on January 4, 2021.  ECF No. 288.  For the reasons that follow, after de novo review, the Court finds that Mr. Brown's objections do not undermine the recommendation of the magistrate judge.

## I.        Background

### A.  Relevant Procedure

On April 26, 2017, Mr. Brown filed an Amended Complaint asserting eighteen claims

against numerous defendants.  ECF No. 42.  His claims are: deprivation of the Eighth

Amendment right to medical care (Counts I – V), deprivation [through retaliation] of the First

Amendment right of petition (Count VI), deprivation of Eighth Amendment right [to be free]

from excessive punishment (Count VII), deprivation of Fourteenth Amendment right of access to

the courts (Counts VIII and IX), medical malpractice, negligence, and vicarious liability as to the

corporate Defendants (Count X), medical malpractice (Count XI), negligence per se (Count XII),

breach of contract (Count XIII), intentional infliction of emotional distress (Count XIV),

corporate negligence (Count XV), equitable estoppel (Count XVI), medical malpractice (Count

XVII), and assault and battery (Count XVIII).  Prior to Doctors Anthony Santos and Robert

Valley responding to the Amended Complaint, the then-presiding District Judge[1] issued a

Memorandum Order resolving four Motions to Dismiss filed by fifteen Department of

Corrections Defendants (DOC Defendants[2]), five Corizon Health, Inc. Defendants (Corizon

---

[1]  District Judge Cathy Bisson was the presiding Judge in this matter until it was reassigned to the
undersigned on December 12, 2018.  ECF No. 202.

[2]  The fifteen Department of Corrections Defendants (DOC Defendants) on whose behalf the Motion to
Dismiss was filed are Governor Tom Wolf, DOC Secretary John Wetzel, former DOC Secretary Jeffrey
Beard, Chief of Clinical Services Paul Noel, Deputy Secretary Christopher Oppman, Dietary Management
Services Specialist Margaret Gordon, Director of Health Care Services Joseph Silva, SCI-Greene Food
Services Manager Todd Funk, former Corrections Health Care Administrator (CHCA) Irma Vihlidal,
former CHCA Julie Knauer, former CHCA Myron Stanishefski, SCI-Greene Medical Records Supervisor
Kyle Guth, SCI- Greene CHCA William Nicholson, SCI-Smithfield CHCA William Dreibelbis, and SCI-
Graterford CHCA Joseph Korszniak.  ECF Nos. 82 & 83.

Defendants[3]), and thirty-one entities and individuals referred to as the Medical Defendants[4]. Mem. Order, June 28, 2018, ECF No. 171.

The June 28, 2018 decision resulted in the dismissal of all claims against the five Corizon Defendants. As to the Medical Defendants, the Court dismissed all state court tort claims, retaliation claims, access to court claims, professional negligence claims, negligence claims, the breach of contract claim, and the equitable estoppel claim. As to the DOC Defendants, the Court dismissed all claims against Defendants Wolf, Beard, and Wetzel, all claims against the "PA DOC Hepatitis C Treatment Committee", all state law tort claims, all retaliation claims, and all claims alleging denial of access to courts.

The Medical Defendants' Motion was denied as to all claims of deliberate indifference to serious medical needs, the municipality liability claim against Wexford Health and Correct Care Solutions, the intentional infliction of emotional distress claim, and the assault and battery claim. The DOC Defendants' Motion was denied as to supervisory claims against Gordon, Guth, Vihlidal and Knauer; claims against The Bureau of Health Care Services Assistant Medical Director and the Bureau of Health Care Services Infection Control Coordinator, all official capacity claims, and all Eighth Amendment claims pertaining to Mr. Brown's alleged deficient

---

[3] The five Corizon Health Defendants are Corizon Health, Inc., W. Myers, Dr. Blatt, Dr. Stefanic, P. Hallworth and Dr. McDonald. ECF Nos. 100 & 143.

[4] The thirty-one Medical Defendants on whose behalf a Motion to Dismiss was filed are Wexford Health Sources, Inc., Correct Care Solutions, LLC, Byunghak Jin, Elon Mwaura, Paul Dascani, Jawad A. Salamen, Esther L. Mattes, John N. Robinson, Tyson D. Gillmen, Christina B. Doll, Ronald A. Long, Deb Cutshall, Dr. Felipe Arias, V. Capone, Min H. Park (identified as "Doctor Park"), Susan Lightbourn, Jack Zimmerly, J. Defrangesco, Ray Machak, C. Agra, Stephen Kaminsky, C. Kephart, Rob Price, Natalie Austin, Stacey Liberatore, Mike Hice, Nicholas Schariff, Andrew Dancha, Thomas Lehman, Doctor Alpert, and C. Keldie. ECF No. 104.
.

diet.  Further, any additional Eighth Amendment claims alleging that the DOC Defendants were deliberately indifferent to Mr. Brown's serious medical needs were permitted to proceed forward. The remaining claims in the case all relate to Mr. Brown's allegations that he received deficient medical care while he was incarcerated at SCI-Greene.  Specifically, he contends that Defendants denied him medical treatment for his Hepatitis C and other health issues, including malnutrition and bacterial infections.  The remaining Defendants include approximately twelve Department of Corrections employees, including SCI-Greene staff members  and DOC Central Office staff in Mechanicsburg, PA, Wexford Health Sources, Inc., Correct Care Solutions, LLC, and approximately thirty-three individuals of the contract prison medical staff.

### B.  Factual Background

Mr. Brown alleges that his attempts to obtain medical treatment for Hepatitis C, and other conditions and symptoms, were denied for non-medical reasons.  He alleges that he was denied medical care in retaliation for engaging in constitutionally protected activity.  Mr. Brown also alleges that he was denied medical care due to cost-saving policies and practices that incentivize profits.  The Amended Complaint's abbreviated factual allegations are as follows.  In 2000, while confined at SCI-Pittsburgh, Mr. Brown was informed by the medical staff that he tested positive for the Hepatitis C virus (also referred to as "Hepatitis C" or "HCV").   Am. Compl. ¶ 80.  He acknowledges that "from 2004– 2009, [he] was repeatedly advised by Corizon staff that he needed treatment for his HCV," but that he refused any treatment until 2011 after experiencing "numerous HCV related symptoms and complications" over the years.  Id. ¶ 80-90.  Mr. Brown claims new drugs to treat Hepatitis C came on the market in 2011, 2013, and 2014, and the DOC changed its protocol on Hepatitis C treatment in 2015.  Id. ¶¶ 36-39, 46.  Specifically, he alleges

that "his requests for medical treatment for his HCV during the past 5/6 years while confined at SCI-Graterford, Smithfield, and Greene, have been completely ignored by Defendants." Id. ¶ 90. Mr. Brown contends that his requests for a new drug treatment, one which eliminates the use of Interferon, have been denied because of cost cutting measures. Id. ¶¶ 70-76, 89, 91, 146, 152, 153. He also alleges that due to cost cutting measures and retaliation, Defendants, inter alia, make partial diagnoses, do not follow physicians' orders, and deviate from standard treatment procedures. Id. ¶ 149. Mr. Brown further contends that he has been denied meals catered to his special dietary needs and nutritional therapy for non-medical reasons. Id. ¶¶ 56 – 78. He contends that he learned of Defendants "illegal scheme" to provide sub-standard medical care due to Defendants' cost-saving and retaliation policies after reading articles published in the Prison Litigation News Magazine. Id. ¶ 152.

### C. November 13, 2020 Report and Recommendation

The November 13, 2020 Report and Recommendation was issued to resolve the Motions to Dismiss, or in the alternative, Motions for Summary Judgment, filed by Dr. Santos and Dr. Valley. The Magistrate Judge recommended granting the Motions in part and denying them in part. As to the Motions for Summary Judgment, based on the failure to exhaust administrative remedies, the Magistrate Judge recommended that the motions be denied without prejudice. The Magistrate Judge recommended that the Motion to Dismiss be denied as to whether the claims are barred by the statute of limitations and as to whether the Amended Complaint fails to allege the personal involvement of either Dr. Santos or Dr. Valley. The Magistrate Judge also recommended that the Motions to Dismiss be denied as to the following: Counts I through V, the Eighth Amendment deliberate indifference claims; Counts XIV and XVIII, the intentional

infliction of emotional distress and assault and battery claims, and Mr. Brown's request for punitive damages.  The Magistrate Judge recommended that Dr. Valley's motion be denied without prejudice as to Count XVII, the medical malpractice claim, because Dr. Valley has not met the notice requirements of Pa. R. C. P. 1042.7.

The Magistrate Judge recommended that the Motions to Dismiss be granted as to Count VI, all retaliation claims, Count VII the claim for excessive punishment, Counts VIII and IX, the access to courts claims, Counts X, XI, and XV, the medical malpractice, corporate negligence, and negligence per se claims, Count XIII, the breach of contract claim, and Count XVI, the equitable estoppel claim.  With respect to Count XVII, the medical malpractice claim, the Magistrate Judge recommended that Dr. Santos' Motion to Dismiss said Count XVII be granted because Mr. Brown responded that Count XVII was not meant to apply to Dr. Santos.

## II.    DISCUSSION

In response to the Report and Recommendations, Mr. Brown filed written Objections. The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made."  28 U.S.C. § 636(b)(1); Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3).  While Mr. Brown generally expresses disagreement with the manner in which the Magistrate Judge characterized his Amended Complaint, his sole substantive Objection is to the recommendation to grant the Motions to Dismiss his Count VI retaliation claim.[5]

---

[5]  Mr. Brown seeks leave to supplement his Amended Complaint, in part, to add four new SCI-Fayette Defendants.  Pltf. Obj. 26.  The request is improperly raised in the Objections and therefore will not be addressed by the Court.

"To state a prima facie case of First Amendment retaliation, a claimant must allege that (1) he engaged in constitutionally protected conduct; (2) he suffered an adverse action 'sufficient to deter a person of ordinary firmness from exercising his [constitutional] rights'; and (3) the constitutionally protected conduct was 'a substantial or motivating factor' for the adverse action." Palmore v. Hornberger, 813 F. App'x 68, 70 (3d Cir. 2020) (quoting Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001)).[6]  "Because retaliation claims can be easily fabricated, district courts must view prisoners' retaliation claims with sufficient skepticism to avoid becoming entangled in every disciplinary action taken against a prisoner." O'Connell v. Sobina, No. CIV.A. 1:06CV238, 2008 WL 144199, at *11 (W.D. Pa. Jan. 11, 2008).[7]  In that respect, Mr. Brown's broad and general claims of retaliatory conduct were properly dismissed.

The Report and Recommendation for dismissing the retaliation claims against Dr. Santos and Dr Valley is based on the rationale set forth in District Court Judge Bisson's June 28, 2018 decision addressing other defendants' motions to dismiss.  Presently, the Magistrate Judge states

---

[6]  Once a plaintiff states a prima facie case of retaliation, a prison official may still prevail if he meets the burden to "establish that 'they would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest.'" Watson v. Rozum, 834 F.3d 417, 422 (3d Cir. 2016) (quoting Rauser, 241 F.3d at 334).  We need not consider the Defendants' legitimate penological interest at the motion to dismiss stage.  "[W]hen ruling on a motion to dismiss, a district court must consider only the complaint and its attached documents, see In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1424–25 (3d Cir. 1997) (Alito, J.), and, for that reason, '[i]t makes little sense to apply [the burden-shifting framework] at the pleading stage, Thomas v. Eby, 481 F.3d 434, 442 (6th Cir. 2007)." Palmore v. Hornberger, 813 F. App'x 68, 71 (3d Cir. 2020).

[7]  Citing Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); and Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).  See also Shelbo v. Wetzel, No. 1:15-CV-0344, 2017 WL 635110, at *2 (M.D. Pa. Feb. 16, 2017) (While mindful that the pro se plaintiff may not be held to a heightened burden of proof, the court should approach prisoner claims of retaliation 'with skepticism and particular care' due to the 'near inevitability' that prisoners will take exception with the decisions of prison officials and 'the ease with which claims of retaliation may be fabricated.'") (citations omitted).

7

that the "undersigned incorporates the *ratio decidendi* applied in the June 2018 Memorandum

Opinion and recommends that Defendants' motions to dismiss Count VI of the Amended

Complaint be granted."  ECF No. 171 at 13.  The rationale in the June 28, 2018 decision, which

was also expressly stated in the present Report and Recommendation, is as follows:

> Plaintiff's retaliation allegations are stated in wholly conclusory terms. He
> attempts to cast a wide net, making a bald assertion of retaliation - in essence
> claiming that <u>every</u> action taken by <u>every</u> defendant was done in retaliation for
> Plaintiff engaging in constitutionally protected activity. These threadbare,
> conclusory allegations are insufficient to state a claim for First Amendment
> retaliation.

ECF No. 171 at 12-13; ECF No. 279 at 16.  The Court agrees with the above rationale.  The

District Court's and the Magistrate Judge's descriptions of Mr. Brown's Amended Complaint are

accurate.  The Amended Complaint is a "sprawling narrative comprised of forty-one handwritten

pages" and "throughout the Amended Complaint Plaintiff predominantly makes generalized

references to 'Defendants,' without making any differentiation between them."  ECF No. 171, at

9.  When Mr. Brown does "identify certain Defendants by name, he recites a long list of

Defendants and then makes general, vague, and conclusory allegations regarding their conduct as

a whole."  <u>Id.</u> at 10.  Mr. Brown also includes allegations, some of which are merely descriptive,

of matters tangentially related to his claims, and in some cases not related at all.  Although not in

violation of the Rules, such allegations are unnecessary in a federal complaint, and further, make

analysis of an already unwieldy document more difficult.  His allegations are further complicated

by combining alleged unrelated dual motivations for Defendants conduct.  Mr. Brown alleges that

Defendants' conduct was motivated by a desire to retaliate against him for engaging in protected

conduct, and that the same adverse conduct was also motivated by Defendants' desire to conform

to alleged system-wide cost-cutting policies.  Mr. Brown acknowledges "that some of his

8

retaliation claims are very similar to his claims regarding Defendants' acts designed to save money."  Obj. 6.  Following de novo review, the Court agrees that Mr. Brown's "allegations are stated in wholly conclusory terms.  He attempts to cast a wide net, making a bald assertion of retaliation - in essence claiming that <u>every</u> action taken by <u>every</u> defendant was done in retaliation for Plaintiff engaging in constitutionally protected activity.  These threadbare, conclusory allegations are insufficient to state a claim for First Amendment retaliation."  ECF No. 279 at 16.

## III.   CONCLUSION

The Court accepts the Report and Recommendation as to disposition of Mr. Brown's retaliation claim asserted in Count VI.  The Court accepts the Report and Recommendation as to the Magistrate Judge's disposition of the Motions as to other issues and claims.

Accordingly, the following Order is hereby entered.


## ORDER

AND NOW, this 15th day of March 2021, following a de novo review of the relevant pleadings and documents in this case, together with the Report and Recommendation, and Objections thereto, the Court finds that Plaintiff's objections do not undermine the recommendations of the Magistrate Judge.


Accordingly, it is hereby ORDERED that the Report and Recommendation, ECF No. 279, dated November 13, 2020, is ADOPTED as the Opinion of the Court.

IT IS FURTHER ORDERED that Dr. Santos' and Dr. Valley's Motions to Dismiss, or in the alternative for Summary Judgment, ECF Nos. 236 and 239, are GRANTED in part, and DENIED in part, as follows:

1.  The Motions for Summary Judgment based on failure to exhaust administrative remedies are DENIED without prejudice to refiling same after discovery has been completed.

2.  The Motions to Dismiss are DENIED as to Defendants' arguments that Mr. Brown's claims are barred by the statute of limitations and that the Amended Complaint fails to allege the personal involvement of either Dr. Santos or Dr. Valley.

3.  The Motions to Dismiss are DENIED as to Mr. Brown's deprivation of the Eighth Amendment right to medical care/deliberate indifference asserted in Counts I, II, III, IV, and V.

4.  The Motions to Dismiss are DENIED as to Mr. Brown's intentional infliction of emotional distress claim asserted in Count XIV.

5.  The Motions to Dismiss are DENIED as to Mr. Brown's assault and battery claim asserted in Count XVIII.

6.  The Motions to Dismiss are DENIED as to Mr. Brown's request for punitive damage claims.

7.  Dr. Valley's Motions to Dismiss is DENIED without prejudice as to Mr. Brown's medical malpractice claim asserted against Dr. Valley, as Dr. Valley has not met the notice requirements of Pa. R. C. P. 1042.7.

8.  The Motions to Dismiss are GRANTED as to Mr. Brown's claim of deprivation [through retaliation] of the First Amendment right of petition asserted in Count VI.

9.  The Motions to Dismiss are GRANTED as to Mr. Brown's stand-alone claim for excessive punishment asserted in Count VII.

10. The Motions to Dismiss are GRANTED as to Mr. Brown's claims of denial of access to courts asserted in Counts VIII and IX.[8]

11. The Motions to Dismiss are GRANTED as to Mr. Brown's medical malpractice claim asserted in Count X.

---

8  Mr. Brown states in his Objections that Counts VIII and IX were not meant to be asserted against Dr. Santos and Dr. Valley.  Pltf. Obj. 26.

**12.** The Motions to Dismiss are GRANTED as to Mr. Brown's corporate negligence claim asserted in Count XI

**13.** The Motions to Dismiss are GRANTED as to Mr. Brown's negligence per se claim asserted in Counts XV.

**14.** The Motions to Dismiss are GRANTED as to Mr. Brown's breach of contract claims asserted in Count XIII.

**15.** The Motions to Dismiss are GRANTED as to Mr. Brown's equitable estoppel claims asserted in Count XVI.

**16.** Dr. Santos's Motions to Dismiss is GRANTED as to Mr. Brown's medical malpractice claim asserted against Dr. Santos in Count XVII because Mr. Brown concedes that this claim was not meant to apply to Dr. Santos.

The Court finds that further amendment would be futile, and therefore leave to amend is not granted.

This matter will proceed upon the claims and against the Defendants who have survived following the June 28, 2018 Memorandum Opinion and Order, ECF No. 171, and the November 13, 2020 Report and Recommendation, as adopted herein.  This matter is referred back to the Magistrate Judge for further proceedings.

Marilyn J. Horan
United States District Court Judge

cc:      ALTON D. BROWN
         DL-4686
         SCI Fayette
         48 Overlook Drive
         LaBelle, PA 15450-1050
         (via U.S. First Class Mail)

11