IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil No. 16-cv-1680 |
| | ) |
| WEXFORD HEALTH SOURCES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is Alton D. Brown's "Appeal of the U.S. Magistrate's 5/12/2021 Order and All Related Orders." ECF No. 310. Mr. Brown requests review of various aspects of the Magistrate Judge's management of discovery as well as the manner Defendants communicate with, and provide documents to, Mr. Brown. The Court has reviewed the Magistrate Judge's Orders referred to by Mr. Brown. All of the Orders are non-dispositive.[1] The Orders concern routine discovery issues and routine case management of the case that is committed to the discretion of the Magistrate Judge. The Court finds that the Magistrate Judge's Orders are not clearly erroneous, contrary to law, or an abuse of discretion. Accordingly, Mr. Brown's Appeal is denied.

IT IS SO ORDERED this 2nd day of June 2021.

_____
Marilyn J. Horan
United States District Court Judge

---

[1] The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo," for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), accord Fed. R. Civ. P. 72(b) (referring to "a pretrial matter dispositive of a claim or defense"), and (ii) "clearly erroneous or contrary to law," for magistrate resolution of nondispositive matters, 28 U.S.C. § 636(b)(1)(A), accord Fed. R. Civ. P. 72(a) (referring to "a pretrial matter not dispositive of a party's claim or defense"). Nondispositive orders will not be disturbed unless such is found to be clearly erroneous or contrary to law. A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985) (citing United States v. United States Gypsum Co., 333 U.S. 364 (1948)). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998).

2

cc:    Alton D. Brown, pro se
       DL-4686
       SCI Fayette
       48 Overlook Drive
       LaBelle, PA 15450-1050
       (via U.S. First Class Mail)