IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 16-cv-1680 |
| | ) |
| WEXFORD HEALTH SOURCES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

### ORDER

Before the Court is Alton D. Brown's Motion for Reconsideration of the Court's Order of June 2, 2021. ECF No. 316. The Court's June 2, 2021 Order, denying Mr. Brown's Appeal of several of the Magistrate Judge's trial management Orders, stated as follows:

> Mr. Brown requests review of various aspects of the Magistrate Judge's management of discovery as well as the manner Defendants communicate with, and provide documents to, Mr. Brown. The Court has reviewed the Magistrate Judge's Orders referred to by Mr. Brown. All of the Orders are non-dispositive. The Orders concern routine discovery issues and routine case management of the case that is committed to the discretion of the Magistrate Judge. The Court finds that the Magistrate Judge's Orders are not clearly erroneous, contrary to law, or an abuse of discretion. Accordingly, Mr. Brown's Appeal is denied.

ECF No. 312, at 1.

A proper motion for reconsideration "must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). "Mere dissatisfaction with a court's ruling is not a proper basis for reconsideration." Prusky v. Phoenix Life Ins. Co., 2003 WL

22597610, *2 (E.D.Pa. Nov 04, 2003), citing Glendon Energy Co. v. Borough of Glendon, 836 F.Supp. 1109, 1122 (E.D.Pa.1993). "Motions for reconsideration are not to be used to reargue or relitigate matters already decided." Haymond v. Lundy, 205 F.Supp.2d 390, 395 (E.D.Pa. 2002).

    Mr. Brown appears to argue that reconsideration is warranted because there is a need to correct a clear error of law or prevent manifest injustice. He complains that the Court erred in not individually addressing each aspect of his arguments on appeal challenging the Magistrate Judge's Orders. He also argues that the decisions of the Magistrate Judge are dispositive matters and therefore require that this Court apply a de novo review.

    Upon reviewing the Magistrate Judge's Orders again, in light of Mr. Brown's Appeal and Motion for Reconsideration, the Court concludes that such Orders concern non-dispositive pretrial matters that are not dispositive of a claim or defense of a party. Fed. Rule. Civ. Proc 72 (a) (a "pretrial matter not dispositive of a party's claim or defense" referred to a Magistrate Judge for decision, is reviewed by the District Court to "modify or set aside any part of the order that is clearly erroneous or is contrary to law"). The Court understands that Mr. Brown asserts, based on unsupported allegations, that both the Magistrate Judge and Defendants are proceeding through the pretrial discovery process in a manner designed to unfairly, and in some cases unlawfully, tilt the scales in favor of Defendants. From that premise he asserts that it logically follows that such actions are dispositive of his claims and therefore this Court should conduct de novo review of the Magistrate Judge's decisions. The Court disagrees with such logic.

The Court can discern no basis for reconsideration of its June 2, 2021 Order. As stated, the Orders appealed from are non-dispositive pretrial matters. This Court need not, and should not, delve into and micro-manage the Magistrate Judge's individual pretrial decisions rendered during the course of managing this case. Thus, the Court will not address the Magistrate Judge's alleged individual actions taken during the course of deciding non-dispositive pretrial management issues, beyond the requirement that the Court review such decisions for clear error or that are contrary to law. The Court understands that Mr. Brown believes that the Magistrate Judge is biased against him and that Defendants are manipulating their positions of authority to alter or destroy evidence or otherwise hamper Mr. Brown's ability to fairly litigate his claims. Our review of the record, however, shows no support for such serious allegations of misconduct. Mr. Brown also continually demands that the Magistrate Judge and the Defendants conduct pretrial management solely as he desires it to proceed, and in at least one instance is attempting to force the Magistrate Judge to become a pseudo-prison official by altering the prison's processes and procedures. When his requests are not met, he appeals to this Court. Unless the Orders appealed from are clearly erroneous, contrary to law, or an abuse of discretion, this Court is required to affirm such Orders.

Mr. Brown's persistent efforts to have this Court inject itself into the details of the Magistrate Judge's pretrial management of his case are unavailing. The use of Magistrate Judges would become counterproductive, and cases would exist on the docket much longer than necessary, if the District Court micromanaged the very matters committed to the discretion of the Magistrate Judge by statute. 28 U.S.C. § 636(b)(1)(A) ("a judge may designate a magistrate judge to hear and determine any pretrial matter pending

before the court, . . . [and] may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law"). Accordingly, the Motion for Reconsideration is DENIED.

      IT IS SO ORDERED this 11th day of June 2021.

*[signature]*

Marilyn J. Horan
United States District Court Judge


cc:    Alton D. Brown, pro se
       DL-4686
       SCI Fayette
       48 Overlook Drive
       LaBelle, PA 15450-1050
       (via U.S. First Class Mail)