IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Civil No. 16-cv-1680 |
| | ) |
| WEXFORD HEALTH SOURCES, *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the Court is Alton D. Brown's "Appeal to the U.S. District Judge from the Magistrate's Order dated September 30, 2021." ECF No. 354.  The Magistrate Judge's September 30, 2021 Order denied Mr. Brown's Emergency Motion for Summary Judgment in which he requested that Judgment be entered in his favor that he is entitled to medical treatment for his Hepatitis-C.  The Emergency Motion was denied as not proper at this time, with the Magistrate Judge explaining that a scheduling order for the filing of motions for summary judgment will be issued when all matters relating to discovery have been resolved.

Mr. Brown argues that he is permitted to file for summary judgment at this time pursuant to Rule 56(b), which states as follows:

> (b) Time to File a Motion. Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery.

Fed. R. Civ. Proc. 56(b).  However, the Magistrate Judge has "ordered otherwise" by stating that a scheduling order setting deadlines for summary judgment motions will be issued after discovery closes.

In his Emergency Motion, Mr. Brown takes issue with the medical treatment he is, and is not, receiving, which is one of the central questions in dispute in the lawsuit.  Mr. Brown

attached medical exam reports to his Emergency Motion, but such evidence does not show "that there is no genuine dispute as to any material fact" regarding the medical treatment provided to Mr. Brown.  Fed. R. Civ. Proc. 56(a).  Defendants claim that they are providing Mr. Brown with appropriate medical treatment.  The Magistrate Judge appropriately intends that such contested issues, if they are to be decided on summary judgment, be decided only after the close of discovery, when all parties will have the benefit of a full record.

The Magistrate Judge's Order is non-dispositive,[1] and concerns discovery issues and routine case management of the case that is committed to the discretion of the Magistrate Judge. The Court finds that the Magistrate Judge's Order is not clearly erroneous, contrary to law, or an abuse of discretion.  Accordingly, Mr. Brown's Appeal is denied.

IT IS SO ORDERED this 16th day of November 2021.

Marilyn J. Horan
United States District Court Judge

cc:   Alton D. Brown, pro se
      DL-4686
      SCI Fayette
      48 Overlook Drive
      LaBelle, PA 15450-1050
      (via U.S. First Class Mail)

---

[1] The Federal Magistrates Act, 28 U.S.C. §§ 631–639, provides two separate standards for judicial review of a magistrate judge's decision: (i) "de novo," for magistrate resolution of dispositive matters, 28 U.S.C. § 636(b)(1)(B)-(C), accord Fed. R. Civ. P. 72(b) (referring to "a pretrial matter dispositive of a claim or defense"), and (ii) "clearly erroneous or contrary to law," for magistrate resolution of nondispositive matters, 28 U.S.C. § 636(b)(1)(A), accord Fed. R. Civ. P. 72(a) (referring to "a pretrial matter not dispositive of a party's claim or defense").  Nondispositive orders will not be disturbed unless such is found to be clearly erroneous or contrary to law.  A finding is clearly erroneous "when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Anderson v. City of Bessemer, 470 U.S. 564, 573 (1985) (citing United States v. United States Gypsum Co., 333 U.S. 364 (1948)).  "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998).