IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 16-cv-1680 |
| | ) |
| WEXFORD HEALTH SOURCES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Before the Court is Alton D. Brown's "Motion for Reconsideration of [this] Court's Order of 6/14/22" (ECF NO. 383) and Mr. Brown's "Appeal to U.S. District Judge From Magistrate's Discovery Order of 6/15/2022" (ECF No. 384).

The Appeal and Motion address overlapping concerns. The Motion for Reconsideration addresses this Court's Order denying Mr. Brown's Appeal of Magistrate Judge Eddy's Scheduling Order, which, among other things, closed discovery, and set a briefing schedule for summary judgment motions. ECF No. 376. The Appeal challenges Magistrate Judge Eddy's denial of Mr. Brown's Motion for a Stay and her decision directing that the case proceed to the summary judgment stage. ECF No. 379. Thus, both the present Appeal and the Motion for Reconsideration concern Mr. Brown's desire that this case remain at the discovery stage, either through a formal stay or an extension of discovery.

The Court previously determined that the Magistrate Judge's case management rulings, in which she is authorized to use her discretion, were non-dispositive. In his Appeal and in his Motion for Reconsideration, Mr. Brown argues that the Magistrate Judge's rulings are

dispositive. With respect to Mr. Brown's Motion for Reconsideration he argues that the Magistrate Judge's underlying Order denying an extension of discovery was dispositive, because Mr. Brown's "inability to make discovery in this case pretty much dooms his chances of being successful on the merits." ECF No. 383 at 1. With respect to his Appeal, he argues that the denial of his request for a stay is dispositive, because he "will be unable to prosecute this matter under said circumstances[1], which pretty much guarantees a victory for the attackers [Defendants]." Ecf No. 384, at 2.

"[C]ourts look to the nature and effect of the issued ruling to determine whether the underlying matter should be considered dispositive or nondispositive." Lescinsky v. Clark Cnty. Sch. Dist., 539 F. Supp. 3d 1121, 1125 (D. Nev. 2021) (citing Flam v. Flam, 788 F.3d 1043, 1046 (9th Cir. 2015)). "This approach 'permits the courts to reach commonsense decisions rather than becoming mired in a game of labels.'" Lescinsky, 539 F. Supp. 3d at 1125 (quoting 12 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE, § 3068.2, p. 371 (2020 supp.)). A Court's determination as to whether a Magistrate Judge's Order is dispositive or non-dispositive concern matters directly related to the merits of the claims or defenses or rulings that directly dispose of claims or defenses.

The Court understands Mr. Brown to be claiming that he requires additional discovery and additional time in order to prevail on his claims. He thus argues that the Magistrate Judge's rulings directly relate to the merits of his claims, because in his opinion, such rulings essentially render him unable to support his claims. The Court disagrees that the Magistrate Judge's rulings are dispositive. While it is possible that a ruling on a discovery issue could be dispositive of a claim or defense, a ruling that merely permits a case to proceed through discovery and then to

---

[1] The circumstances Mr. Brown refers to are his allegations that the Defendants attack and assault him and otherwise takes steps to sabotage his prosecution of his cases.

summary judgment is not a dispositive motion. It is conceivable that a denial of a request to produce an identifiable discovery document, if such document was critical to a claim or defense, *may* be dispositive. Similarly, granting an opposing party's request to strike an expert witness or denying a request to depose a key witness *might* be dispositive. This is not the case here. Discovery began over sixteen months ago on March 31, 2021. ECF No. 293. In the Magistrate Judge's Case Management Order, she Ordered Defendants to provide Mr. Brown with the following materials:

> (1) all incident reports, grievances and appeals therefrom, disciplinary reports, investigative reports, appeals, any existing video or photographic documentation, or other similar documents in its possession concerning the alleged incident or incidents, and
> (2) all medical records in their possession concerning the Plaintiff, and
> (3) all records concerning the alleged incident or incidents.

Id. at 2. The Magistrate Judge also Ordered Defendants to file a Notice of Compliance on the docket stating that the above documents have been provided to Mr. Brown. Id. All Defendants filed a Notice of Compliance indicating that they did in fact comply with the Court's Order. ECF Nos. 295, 296, 297, & 298. Thereafter, numerous discovery issues were raised and disposed of by the Magistrate Judge as necessary. For example, Mr. Brown brought to the Court's attention that the Department of Corrections Defendants referred to documents previously provided to Mr. Brown in prior Court filings. ECF No. 300. Mr. Brown argued that such was not in compliance with the Court's Order to presently provide said documents and noted that he was no longer in possession of such documents. Id. In response, the Court Ordered the Department of Corrections Defendants to again provide the aforesaid documents to Mr. Brown, which they did. ECF Nos. 301, 302. Discovery has proceeded with numerous documents being provided to Mr. Brown. Mr. Brown does not point to a ruling by the Magistrate Judge that resulted in him being deprived of a specific, identifiable, and existing

3

document that without which, Mr. Brown would be unable to prevail on a claim.  As such, the Court deems the Magistrate Judge's case management rulings and denial of the request to stay the case as non-dispositive.

The standard of review of a non-dispositive matter is whether the decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A), accord Fed. R. Civ. P. 72(a) (referring to "a pretrial matter not dispositive of a party's claim or defense").  "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion." Cooper Hosp./Univ. Med. Ctr. v. Sullivan, 183 F.R.D. 119, 127 (D.N.J. 1998).  The Court finds that the Magistrate Judge's Order is not clearly erroneous, contrary to law, or an abuse of discretion.  Accordingly, Mr. Brown's Appeal is denied.

IT IS SO ORDERED this 10th day of June 2022.

    s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

cc:    Alton D. Brown, pro se
        DL-4686
        SCI Fayette
        48 Overlook Drive
        LaBelle, PA 15450-1050