IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Civil No. 16-cv-1680 |
| | ) |
| WEXFORD HEALTH SOURCES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

Before the Court is Alton D. Brown's Appeal from the Magistrate Judge's Order denying Mr. Brown's Motion for a Court Order to have Defendants provide Mr. Brown with access to his case files so he can prepare his summary judgment response. ECF No. 427. In his Motion for a Court Order, Mr. Brown describes how he has been restricted to four legal boxes since his transfer to the prison's Step-Down Unit, whereas formerly, when he was in the Restricted Housing Unit, he was permitted eight boxes. ECF No. 419.

The Department of Corrections' Defendants responded to Mr. Brown's Motion by arguing that Mr. Brown has failed to file a grievance and exhaust administrative remedies before attempting to raise the issue in court. ECF No. 421 at 2-3. The Defendants also argued that there is no merit to Mr. Brown's claim that he is being denied access to his legal materials. With respect to the number of boxes, the Defendants explain that Mr. Brown has been granted permission to retain four boxes in his cell, but the regulations permit only two boxes in the Step-

Down Unit. Defendants further explained that Mr. Brown may also submit a request to exchange the boxes retained in his cell with boxes he has in storage.

In denying Mr. Brown's Motion, the Magistrate Judge stated that Mr. Brown must follow the procedures for exchanging legal boxes if he wants a different box and must use the sign-up request form to obtain library time. ECF No. 423.

On Appeal. Mr. Brown asserts that the Magistrate Judge and Defendants are both exhibiting bias with respect to the four-box limit. He notes that his current case exceeds four boxes. He avers that that Defendants have arbitrarily reduced the limit of boxes he may have in order to hamper Mr. Brown's ability to properly respond to Motions for Summary Judgment. Mr. Brown also views the Magistrate Judges' Order denying his Motion as a violation of the Due Process Clause in that Mr. Brown is ordered to exhaust his administrative remedies "in order to make a meaningful response to summary judgment." ECF No. 427, at 2.

Mr. Brown's Appeal will be denied. It is clear from the Defendants' Response and the prison regulations that the four-box limit is not arbitrary or punitive. Mr. Brown is voluntarily in a different Unit that is governed by a two-box limit. Therefore, what Mr. Brown sees as an arbitrary reduction of the number of boxes he may currently have on the Step-Down Unit from the number of boxes permissible in the Restricted Housing Unit, it is in fact an allowance of two extra boxes over the two-box allowable Step-Down Unit number. Mr. Brown must follow the procedures to request exchanges of boxes from storage.

The Court finds that the Magistrate Judge's Order is not clearly erroneous, contrary to law, or an abuse of discretion.

AND NOW, this 8th day of May 2023, it is hereby ORDERED that Alton Brown's "Appeal of Magistrate's Order to United States District Judge, Dated 3/27/2023" (ECF No. 427) is denied.

                                                               *s/Marilyn J. Horan*
                                                               Marilyn J. Horan
                                                               United States District Court Judge

cc:     Alton D. Brown, pro se
        DL-4686
        SCI Fayette
        48 Overlook Drive
        LaBelle, PA 15450-1050