IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Civil No. 16-cv-1680 |
| | ) |
| WEXFORD HEALTH SOURCES, *et al.*, | ) |
| | ) |
|       Defendants. | ) |

## MEMORANDUM ORDER

This case was referred to United States Magistrate Judge Cynthia Reed Eddy for pretrial proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(A) and (B), and Local Rule of Civil Procedure 72. Judge Eddy issued a Report and Recommendation filed June 21, 2023, recommending that Mr. Brown's Motion to Renew Preliminary Injunction (ECF No. 424). ECF No. 436. The parties were informed that objections to the Report and Recommendation were due by July 6, 2024, for the electronically registered Defendants, and by July 10, 2024, for the non-electronically registered party Plaintiff. After obtaining three extensions of time to file, on September 8, 2023, Mr. Brown filed his "Objections to the Magistrate's Report and Recommendation." ECF No. 450. The Department of Corrections' Defendants filed a Response to Mr. Brown's Objections, to which Mr. Brown filed a Reply. ECF Nos. 452 & 456.

In Mr. Brown's Motion for Injunctive Relief, he requests that the Court Order reinstatement of his formerly prescribed, but now discontinued, daily high protein diet snack bag. The Magistrate Judge recommends denial of Mr. Brown's request for injunctive relief, in part, because the medical records show that Mr. Brown has gained weight to the extent that a protein snack bag is no longer medically recommended. In his Objections, Mr. Brown provides a

historical overview of his medical conditions and related pain. He then objects to the Magistrate Judge's reliance on his weight gain, instead of his need for nutrition, as a reason to deny his motion because "adequate nutrition is extremely important to the good health of a patient with serious chronic conditions," and his "weight gain was a result of the adverse effects of the medication used for hormone therapy and has no nutritional value." Obj. at 2. In his Reply to Defendants' Response, Mr. Brown emphasizes that his weight gain was caused by his hormone therapy medication, not consumption of the snack bag. Reply, at 2 (ECF No. 456).

He also attaches medical documents to his Objections. The Court finds that the medical documents are not persuasive in supporting his request for court intervention to order a protein snack bag. The only document that is specifically relevant to the provision of snack bags at this time, is a Progress Note dated July 18, 2022. ECF No. 450-2, at 4-5. This is the same document the Magistrate Judge relied upon in recommending denial, as this document explains that Mr. Brown's weight has increased to a point where "an extra 500 kcal snack bag" is" not necessary," and it is noted that he is "not malnourished." *Id.* at 5. The remaining historical medical exhibits are dated February 4 2021 and November 13, 2018. *Id.* at 1-2. The "February 4, 2021 Therapeutic Diet Order Form" states, in relevant part, that Mr. Brown will be approved for an enhanced snack bag, "but recommend consideration of intervention changes as routine consumption of this snack bag is *likely contributing to undesirable progressive weight gain*." *Id.* at 2 (emphasis added).

Mr. Brown's Objections will be overruled. He again asks the Court to intervene into his medical care and order the prison to provide him with protein snack bags. While the Court previously ordered that the prison provide Mr. Brown with snack bags, that decision was based upon medical personnel prescribing the snack bags, but at the time, the prison refused to provide

the snack bags to Mr. Brown. The circumstances have changed. It does not matter how Mr. Brown gained weight; what matters is the medical personnel's professional opinion that his weight is at a level that it would not be medically sound to provide him with extra calories. The Magistrate Judge's recommendation is sound and based on medical evidence. The Court will overrule Mr. Brown's objections and deny his Motion for Preliminary Injunction.

Accordingly, the following Order is hereby entered.

## ORDER

AND NOW, this 20th day of February 2024, IT IS ORDERED that the Report and Recommendation, ECF No. 436, filed on June 21, 2023, is adopted as the Opinion of this Court.

IT IS FURTHER ORDERED that Alton D. Brown's Motion to Renew Preliminary Injunction, ECF No. 424, is DENIED.

  s/*Marilyn J. Horan*  
Marilyn J. Horan  
United States District Court Judge

ALTON D. BROWN  
DL-4686  
SCI Fayette  
48 Overlook Drive  
LaBelle, PA 15450-1050