IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALTON D. BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil No. 16-1680 |
| | ) |
| WEXFORD HEALTH SOURCES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**OPINION and ORDER**

Presently before the Court is Alton Brown's "Appeal of Magistrate's Order date 6/7/24 (Doc. 487)." ECF No. 488. Mr. Brown appeals from the Magistrate Judge's Order that resolved Mr. Brown's "Request for Order Requiring Defendants to Supplement the Summary Judgment Records." ECF No. 484. In his Motion presented to the Magistrate Judge, Mr. Brown requested that the Defendants be ordered to produce certain medical records, either through filing them as a supplement to their summary judgment pleadings or by supplementing their discovery responses. ECF No. 484 at 1 & ¶ 7. The Magistrate Judge's Order states:

> TEXT ORDER denying 484 MOTION for an order requiring Defendants to supplement the Summary Judgment Records and/or discovery responses by ALTON D. BROWN. Discovery is closed and will not be reopened. Further, the Court finds that there is no need for Defendants to supplement their summary judgment records. Plaintiff may address his updated medical condition in his Omnibus Response to the summary judgment motions.

ECF No. 487.

On appeal Mr. Brown argues, in part, that the Magistrate Judge only addressed production of the requested medical records through discovery and that he ignored the importance of the documents with respect to Mr. Brown's "summary judgment needs." ECF No.

488, at ¶ 2(vii.).  In both his original Motion and his appeal, Mr. Brown also states several reasons why the production of such documents is important for his case.

The applicable standard of review for a magistrate judge's resolution of nondispositive matters is whether the magistrate judge's decision was "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  Accord FED. R. CIV. P. 72(a), (b); Local Civil Rule 72.1(C)(2). "Where a magistrate judge is authorized to exercise his or her discretion, the decision will be reversed only for an abuse of that discretion."  *Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998).

With respect to the Magistrate Judge's ruling as to discovery, the Court finds no abuse of discretion or error with the decision denying the discovery Motion and denying Mr. Brown's request to reopen discovery.  The Magistrate Judge pointed out that discovery had closed.

In his Motion, in part, Mr. Brown requests additional medical records to aid in opposition to Defendants' summary judgment motions.[1]  "The court is obliged to give a party opposing summary judgment an adequate opportunity to obtain discovery."  *Dowling v. City of Philadelphia*, 855 F.2d 136, 139 (3d Cir. 1988) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).  If a non-movant is concerned about a lack of discovery, Federal Rule of Civil Procedure 56(d) provides an avenue to obtain such discovery.  The Rule states:

> **(d) When Facts Are Unavailable to the Nonmovant.** If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

---

[1] In his original Motion, Mr. Brown states that the Defendants have "refused to disclose the reports and related medical entries of his 4/30/24 bone scan and recent cystoscopy."  ECF No. 484 at ¶ 6.  A plaintiff-inmate may request his medical records in accordance with reasonable prison policies.  *See* DC-ADM 003, (Release of Information) and DCM-135A (Inmate Request to Staff); *Houser v. Wetzel*, No. 3:24-CV-603, 2024 WL 1913162, at *2, *4 (M.D. Pa. May 1, 2024) (denying inmate's motions to compel disclosure of medical records because inmate had failed to follow the court's prior order that he "comply with reasonable institutional procedures when securing copies of[his] own prison medical records for litigation purposes").  There is no evidence that Mr. Brown has requested his medical records in accord with applicable prison policies and procedures and that, despite properly following the prison's policies and procedures, Defendants have refused to provide his medical records.

>> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

Fed. R. Civ. Proc 56(d).  "The rule requires 'a party seeking further discovery in response to a summary judgment motion [to] submit an affidavit specifying, for example, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.'"  *Smith v. Depuy Orthopaedics Inc.*, 552 F. App'x 192, 19X (3d Cir. 2014) (quoting *Dowling*, 855 F.2d at 139–40).  The Court construes Mr. Brown's appeal as a sufficient declaration under Rule 56(d) and will proceed to examine Mr. Brown's reasons for the requested documents.

Mr. Brown has specified that the "particular information" he seeks is four medical records:  his "last two" blood test results, his most recent bone scan results, and his May 8, 2024 cystoscopy results.  ECF No. 488 at ¶ 2[2].  These records have "not previously been obtained" by Mr. Brown, as he only recently learned of the results of the cystoscopy in approximately mid-May 2024.  ECF No. 484 at ¶ 1.  Thus, the Court concludes that Mr. Brown has identified the particular records he seeks, and he has sufficiently shown why he has not previously obtained the records.  Next, Mr. Brown must establish how the medical records he seeks would assist him in precluding Defendants' summary judgment.

In his Motion, presented to the Magistrate Judge, Mr. Brown generally claims that the medical records he requests would counter Defendants' "false information about [Mr. Brown's] health in their summary judgment pleadings."  ECF No. 484 at ¶ 8. In his appeal, he reasserts

---

[2] Mr. Brown also appears to seek production of unspecified "related medical records" and "medical complaints" he filed requesting to see medical staff.  ECF No. 484 at ¶¶ 7 & 10.  A request for such general records does not meet the requirement that Mr. Brown identify "particular documents."  *Dowling v. City of Philadelphia*, 855 F.2d 136, 140 (3d Cir. 1988).  Such requests are properly categorized as general discovery requests.  The Magistrate Judge denied Mr. Brown's request as to re-opening discovery and the Court has found no abuse of discretion with that decision.

that Defendants are relying on "false medical records" pertaining to his liver, cancer, and other issues, solely to increase Defendants' chances of success on summary judgment. ECF No. 488 at ¶¶ 1 & 2(i). Mr. Brown also lists the following reasons in favor of having the medical records produced to aid of his opposition to summary judgment:

- The records are crucial for the effective prosecution of this matter;
- the requested records would reveal Defendants' falsehoods and show that Defendants know their defenses to Mr. Brown's claims are weak (which implies an admission of guilt);
- the requested records, in comparison to earlier medical records produced by Defendants, would show that Defendants' credibility is in question; and
- the requested records would support Mr. Brown's theory that Defendants regularly falsify his medical records.

ECF No. 488 at ¶¶ 2.(i)-(iii).

Mr. Brown asserts that the results of the two blood tests, the bone scan, and the cystoscopy, demonstrate that he has substantial damage to his liver, that his cancer has spread to his spine and continues to spread, and that he otherwise is experiencing declining health. Mr. Brown states that these requested medical records, showing his declining health, will establish that the Defendants have lied about Mr. Brown's medical conditions and general health, and that they did so by falsifying his medical records. However, the requested medical records (two blood test results, results from a bone scan, and results from a cystoscopy) will likely only provide the scientific results of the tests, interpretation of the results by medical personnel, and perhaps future recommendations for Mr. Brown. Assuming that such records in fact show Mr. Brown's declining health, substantial damage to his liver, and the spread of his cancer, such would not, on its face, demonstrate the falsity of prior medical records. Mr. Brown asserts an *argument* that his past medical records are false, he has not provided documentation to prove that his past medical records are false. Mr. Brown is "required to make a specific showing that the particular evidence t[he] seek[s] is capable of preventing summary judgment; not merely that

4

[he] hope[s] discovery might unearth a potential basis for a defense." *Taylor v. United States*, No. CV 18-706, 2018 WL 6434001, at *5 (E.D. Pa. Dec. 6, 2018). There has been no showing that the medical records, by themselves, would demonstrate that any Defendant has lied and/or falsified medical records in the past.

The Court concludes that Mr. Brown has not shown that the four requested medical records would establish the falsity of the voluminous medical records previously produced during this litigation. Therefore, the requested medical records would not preclude summary judgment. To the extent the records would provide Mr. Brown with information regarding his declining health, upon which he may argue that Defendants have falsified his medical records, the Magistrate Judge specifically Ordered that Mr. Brown "may address his updated medical condition in his Omnibus Response to the summary judgment motions." ECF No. 487. Accordingly, because Mr. Brown does not "meet the requirement that [he] demonstrate how the information [he] seek[s] to discover would preclude summary judgment," the Magistrate Judge did not err or abuse his discretion in denying Mr. Brown's request for production of the requested medical records. *Taylor*, No. CV 18-706, 2018 WL 6434001, at *5.

AND NOW, this 1st day of July 2024, it is hereby ORDERED that, Mr. Brown's "Appeal of Magistrate's Order date 6/7/24 (Doc. 487)," ECF No.488, is DENIED.

   s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

Alton D. Brown, pro se
DL-4686
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-1050