IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALTON D. BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil No. 16-cv-1680 |
| | ) | |
| WEXFORD HEALTH SOURCES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM OPINION</u>**

This case has been referred to United States Magistrate Judge Richard A. Lanzillo for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges. Magistrate Judge Lanzillo issued a Report and Recommendation filed November 7, 2025, recommending that the four Motions for Summary Judgment filed by Defendants, be granted. ECF No. 508. Objections to the Report and Recommendation were due by November 21, 2025, for the electronically registered Defendants, and by November 24, 2025, for the non-electronically registered Plaintiff, Alton D. Brown.

On December 1, 2025, Mr. Brown was granted an extension to January 30, 2026, within which to file objections. ECF No. 510. On January 30, 2026[1], Mr. Brown sought an additional thirty-day extension of time within which to file objections. ECF No. 512. Defendant Robert Valley opposed Mr. Brown's Motion. ECF No. 513. On February 12, 2026, this Court denied the request for an extension of time, citing the extraordinary length of time the Motions for Summary Judgment have been pending (over three years), the extraordinary amount of time afforded to Mr. Brown within which to file an omnibus response to the Motions (from November

---

[1] Mr. Brown's Motion was erroneously docketed in this Court on February 3, 2026; however, Mr. Brown had timely deposited his Motion in the prison mail system by January 30, 2026.

25, 2022 to April 29, 2024, with an extension to July 24, 2024 to supplement his Response), Mr. Brown's familiarity with his claims and Defendants' defenses, the conciseness of the Report, and the length of the present litigation. ECF No. 514. On February 23, 2026,[2] Mr. Brown filed a Motion for Reconsideration of this Court's Order denying his request for an extension of time to file objections. ECF No. 515. In his Motion, Mr. Brown stated that he had completed 75% of his Objections to the Report and Recommendation. Therefore, this Court granted the Motion and extended the deadline for filing Objections to March 31, 2026. Thereafter, Mr. Brown filed his Objections to the Report and Recommendation.

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); *Sample v. Diecks*, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). Following a de novo review of the relevant pleadings and documents in this case, together with the Report and Recommendation, and Objections thereto, the Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

At issue are four Motions for Summary Judgment filed by twelve Department of Corrections' Defendants (DOC Defendants [3]), thirty-three Medical Defendants (Medical Defendants[4]), Arthur Santos, M.D., and Robert Valley, M.D. Summary judgment must be granted when "the movant shows that there is no genuine dispute as to any material fact and the

---

[2] Again, Mr. Brown's Motion for Reconsideration was erroneously docketed in this Court on February 26, 2026. The Motion was deposited in the prison mail system by February 23, 2026.

[3] The DOC Defendants are: Noel, Oppman, Silva, Knauer, Stanishefski, Gordon, Funk, Vihlidal, Guth, Nicholson, Dreibelbis, and Korszniak.

[4] The Medical Defendants are: Wexford Health Sources, Correct Care Solutions, Jin, Mwaura, Dascani, Salameh, Mattes, Robinson, Gillmen, Doll, Long, Cutshall, Arias, Capone, Gonzalez, Park, Lightbourn, Zimmerly, Degrangesco, Machak, Agra, Kaminsky, Kephart, Price, Austin, Liberatore, Hice, Schariff, Dancha, Lehman, Alpert, Malhi, and Keldie.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Magistrate Judge's Report is a thorough analysis of the applicable law to the Defendants' arguments in favor of summary judgment. As set forth in the Report, the relevant analysis leads to the conclusion that Defendants' Motions for Summary Judgment must be granted.

In his Objections, Mr. Brown argues that the Report is based upon an alleged, continuing and historical, bias and prejudice against him on the part of the Magistrate Judges and District Judges that have been assigned to his case.[5] Mr. Brown similarly objects on the basis that, at various times during this litigation, he lacked access to his necessary documents to allow him to assert objections. Such broad and general arguments are not objections to identified portions of the Report, as required. Mr. Brown's general objections appear to be complaints about due process violations, allegedly occurring throughout the course of this action. Such arguments are not objections to the Magistrate Judge's analysis of the Motions in his Report. Mr. Brown also discusses alleged irregularities with pleadings he filed, or attempted to file, in 2017, 2018 and later. Such objections also do not challenge the Report. Accordingly, the Court will not address Mr. Brown's general objections that do not object to the substance of the Report.

Mr. Brown raises a more pertinent and specific objection that the Magistrate Judge failed to consider all of Mr. Brown's pleadings and associated exhibits he submitted in response to the Motions for Summary Judgment. Nearly all of the pleadings that Mr. Brown cites as not being considered, do not exist on the docket within the time frames he alleges he mailed said pleadings.[6] Particular attention is placed on pleadings dated April 29, 2024, which Mr. Brown

---

[5] Throughout the history of this case there have been two Magistrate Judges and two District Judges assigned: Magistrate Judge Cynthia Reed Eddy, Magistrate Judge Richard Lanzillo, District Judge Cathy Bissoon and the undersigned.

[6] The Court acknowledges Mr. Brown's continuing complaint that pleadings have been mishandled throughout the litigation. Such global complaints, however, are not objections to the Magistrate Judge's Report.

alleges he mailed; however, such pleadings do not appear on the docket, at least as they are described by Mr. Brown in his Objections. Some of the pleadings he describes appear to have been filed along with other pleadings. For example, attached to Mr. Brown's Response are his ten-page Declaration, plus over 330 pages of Exhibits. ECF No. 478-1 to 478-16. The Court's review of the docket, including the vast number of exhibits submitted throughout the course of this litigation by all parties, demonstrates that the Magistrate Judge did not fail to review Mr. Brown's pertinent responses to the Motions for Summary Judgment. Therefore, this Objection is overruled.

After de novo review of the pleadings and documents in this case, together with the Report and Recommendation and Mr. Brown's Objections, the Court concludes that the Objections do not undermine the recommendations of the Magistrate Judge. The Report and Recommendation will be adopted as the Opinion of the Court, the Defendants' Motions for Summary Judgment will be granted, and the Amended Complaint will be dismissed.

An appropriate order will be entered.

Dated: April 21, 2026

  s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Court Judge

Alton D. Brown
DL-4686
SCI Fayette
48 Overlook Drive
LaBelle, PA 15450-1050

4